## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BORDEN, INC., Borden Chemical Division, Respondent.

No. 80–1609.

United States Court of Appeals, First Circuit.

Heard Feb. 9, 1981.

Decided March 31, 1981.

Joseph A. Schwachter, Pittsburgh, Pa., Atty., with whom William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate General Counsel, Elliott Moore, Deputy Associate General Counsel, and Paul J. Spielberg, Deputy Asst. General Counsel, Washington, D. C., were on brief, for petitioner.

Robert P. Joy, Boston, Mass., with whom William F. Joy, and Morgan, Brown, Kearns & Joy, Boston, Mass., were on brief, for respondent.

Before COFFIN, Chief Judge, ALDRICH and WINTER,* Circuit Judges.

COFFIN, Chief Judge.

█ We previously remanded this case to the NLRB for decision as to whether respondent's failure to pay vacation benefits to strikers was an unfair labor practice. *NLRB v. Borden, Inc.,* 600 F.2d 313 (1st Cir. 1979). We now decide that substantial evidence supports the Board's decision that it was.

The collective bargaining contract in general provided that workers had to take a "vacation" before they could collect vacation pay. *See id.* at 318–19. The workers in this suit informed management that they intended to vacation the first week in October 1976. A strike began on the first day of that month. On October 7, workers asked for their vacation pay. The company replied that it would not give vacation pay to employees on strike. On December 26, 1976, however, the company did pay accrued vacation compensation to the still-striking workers (with one exception not relevant here). *See generally id.* at 319.

The Board ruled that the delayed payment constituted an unfair labor practice. We remanded for the Board to assess respondent's justification for the delay under *NLRB v. Eastern Smelting & Refining Corp.,* 598 F.2d 666, 671 (1st Cir. 1979). 600 F.2d at 320–21.

On remand respondent confined its evidence of legitimate business justification to the claim that its reasonable reliance on the terms of the collective bargaining agreement explained its behavior. It argued that strike participation could not constitute a "vacation". Since the workers had taken no qualifying "vacation", respondent concluded that its October 7 refusal to pay vacation benefits was justified by legitimate motivation.

The Board ruled that this logic did not explain the *delay* in payment. It added that respondent's argument that striking did not constitute "vacationing" was under-

cut by respondent's past indifference as to the nature of "vacations" so long as employees left work and thus did not claim double pay. The Board therefore reaffirmed its finding of an unfair labor practice.

Before us respondent offers no other explanations for its behavior apart from reliance on the terms of the collective bargaining agreement. It likewise does not demonstrate why contract reliance accounts for both its October 7 refusal to pay benefits as well as its December 26 decision to pay benefits. The late payment, made while the strike was still in progress, was explained on the ground that "the contractual vacation period" had expired. But this fact could not convert a "strike" into a "vacation" on respondent's theory. In oral argument respondent described this contradiction as a "difficulty" in its position. Since we agree with this assessment, we hold that the Board's rejection of this illogical justification was supported by substantial evidence.

█ Respondent further argues that the Board has not proved that respondent's action was improperly motivated as respondent asserts the Board must do when the employer advances a legitimate and substantial justification for its conduct. Because in this case the employer's response to the Board's initial showing of discrimination, *see* 600 F.2d at 320, does not prove a legitimate business justification, however, the Board is entitled to prevail on its initial showing. *See id., Eastern Smelting,* 598 F.2d at 670 & 671.

*The petition for enforcement is granted.*

---

* Of the Fourth Circuit, sitting by designation.